16576

STATE v. SHACKELFORD

(68 S. E. (2d) 450)

*Mr. A. L. King,* of Georgetown, for *Appellant,*

*Mr. Frank A. McLeod, Solicitor,* of Sumter, *for. Respondent.*

December 31, 1951.

BAKER, Chief Justice.

At the September, 1950, term of the Court of General Sessions for Williamsburg County, the appellant, Eddie Shackelford, was tried and convicted on an indictment charging him with an assault with intent to kill "with a loaded shotgun."

At the conclusion of the testimony, counsel representing the appellant moved for a direction of verdict (of not guilty) upon the ground "that the indictment. charges an assault, and that the evidence is not sufficient to establish beyond a reasonable doubt that there was any assault committed on the alleged victim. There is no *corpus delicti.* There is no evidence of any assault at all. The allegation in the indictment is that he assaulted this man with a loaded shotgun, there is a total failure of proof and we contend it was not loaded, and the general evidence does not establish an assault."

On a motion for the direction of a verdict of not guilty, the testimony must be viewed in the light favorable to the State, keeping in mind, however, that the defendant is entitled to the benefit of any reasonable doubt thereabout.

The testimony of the prosecuting witness, corroborated by his wife, was that on the occasion of the assault he was travelling on a public road in a Model A (Ford) car, accompanied by his wife; that he was returning to his home

which was a short distance from, but beyond the home of the appellant, in the direction in which he was travelling; that when he reached a point on the public road opposite the home of the appellant, he found the road blocked on his right by the parked automobile of the appellant and on the left by several negroes standing in the road and who refused to move when he sounded his automobile horn; that when he got out of his car and approached the appellant who was standing outside of his (appellant's) automobile and requested him to move it so he could pass by, the appellant cursed him in vile language, ran into his house and came out with a shotgun with the avowed intention of shooting him; that appellant pointed the gun at him more than once, but was prevented from firing on him by some of the other negroes catching hold of the gun; that such conduct on the part of the appellant caused the negroes who had been standing on the left side of the road to move out of the way, and he was then able to get his automobile cranked up again, and drive around the appellant's automobile and from the scene.

When the appellant testified, he gave a very different version as to what took place, as did his witnesses. However, on cross-examination, the appellant testified that he was scared of the prosecutor, and would have shot him except for the interference of the other people there, if he had kept on coming toward him.

Even if it had been necessary for the State to prove that the gun was loaded, we think that the testimony of the appellant settles the issue whether the gun was loaded; and it is significant that the appellant did not undertake to testify that the gun was not loaded. No issue is made that the appellant was not in shooting distance of the prosecutor.

During the argument of the Solicitor, he was interrupted by counsel for the appellant, and motion was made for a mistrial on the ground that the Solicitor was arguing to the jury that the defendant-appellant was drunk and that

his witnesses were drunk, when there was not a scintilla of evidence to this effect. This motion, and the argument thereabout, was made in the absence of the jury, they having been sent to their room when the issue was raised. Upon a refusal of the motion for a mistrial, counsel requested the trial Judge to charge the jury that there was no evidence that the defendant-appellant was intoxicated or had been using liquor. When the Court inquired of the Solicitor if he contended that there was any evidence that the appellant had been using liquor, the Solicitor admitted that there was no such evidence, but said that to his mind this was the only logical deduction.

During the charge to the jury of the trial Judge, he stated: "Mr. Foreman and Gentleman of the Jury, I charge you at the request of the counsel for the defendant, that there is no evidence in this case before you to show or tend to show that the defendant was drunk, drinking or had been using intoxicating liquors."

It is of course unfortunate that the Solicitor went out of the record in his argument to the jury, but we think that the positive statement made by the trial Judge in his charge to the jury that there was no evidence in the case that the defendant-appellant was drinking or had been using intoxicating liquors more than offset any statement of the Solicitor of his deduction drawn from the testimony, and that therefore the appellant was not thereby prejudiced.

All exceptions are overruled, and the judgment affirmed.

FISHBURNE, STUKES, TAYLOR and OXNER, JJ., concur.